1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ESTEBAN QUIROGA-CHAPARRO,              No.  1:25-cv-1731 AC

12                    Petitioner,

13          v.                                ORDER

14    WARDEN OF THE GOLDEN STATE
      ANNEX DETENTION FACILITY, et al.,
15
                     Respondents.
16

17          On December 31, 2025, the court issued an order granting petitioner's motion for a

18    temporary restraining order and directed respondents to release petitioner from their custody.

19    ECF No. 14.  Respondents were also ordered to show cause why the court should not issue a

20    preliminary injunction on the same terms as the temporary restraining order.  Id.  Respondents

21    have not filed any response to the order to show cause and their time to do so has passed.[1]

22    Because the standard for issuing a temporary restraining order is substantially identical to the

23    standard for issuing a preliminary injunction, Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,

24    240 F.3d 832, 839 n.7 (9th Cir. 2001), the court finds petitioner has sufficiently shown that all

25    four Winter[2] factors weigh in favor of granting injunctive relief for the same reasons as those

26    _____

27    [1]  Respondents were also ordered to file a status report confirming petitioner's release but have
      failed to do so.  However, petitioner has filed a response confirming he has been released from
28    custody.  ECF No. 15.
      [2]  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008).

                                               1

1    stated in the order granting a temporary restraining order (ECF No. 14).

2          Furthermore, though the petition is currently fully briefed, as the court noted in the order

3    granting the temporary restraining order, petitioner raised an additional claim in motion that was

4    not raised in the petition.  ECF No. 14 at 3 n.4.  Petitioner will therefore be required to notify the

5    court whether he intends to amend the petition.

6          Accordingly, IT IS HEREBY ORDERED that:

7          1.   A preliminary injunction shall issue on the same terms as set forth in the temporary

8    restraining order (ECF No. 14).

9          2.   Having released petitioner as required by the temporary restraining order, respondents

10   shall not impose any additional restrictions on petitioner unless such restrictions are determined to

11   be necessary at a future pre-deprivation/custody hearing.

12         3.   Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining

13   petitioner unless they first demonstrate by clear and convincing evidence at a bond hearing before

14   a neutral decisionmaker that petitioner is a flight risk or danger to the community such that his

15   physical custody is legally justified.  Petitioner must be provided at least seven days' notice prior

16   to any such pre-deprivation hearing and he shall be allowed to have his counsel present.

17         4.   This order shall remain in effect until the resolution of this action or until otherwise

18   ordered by the court.

19         5.   Within seven days of the filing of this order, petitioner shall notify the court whether

20   he intends to amend the petition.  In the event petitioner intends to file an amended petition,

21   within three days of petitioner filing a notice of his intention, the parties shall meet and confer for

22   the purpose of submitting a joint proposed briefing schedule for the amended petition.  The

23   parties shall submit a joint proposed briefing schedule to the court no later than seven days from

24   the date of the notice.

25   DATED: January 7, 2026

26

27

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

28

2