UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN QUIROGA-CHAPARRO,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>    Respondents. | No. 1:25-cv-1731 AC<br><br><br><br>ORDER |

       It has come to the court's attention that although the docket lists Celena H. Nelson as counsel of record for petitioner, a majority of documents filed on petitioner's behalf have been signed by co-counsel Wilson M. Dunlavey. See ECF Nos. 9, 10, 13, 15.[1] Mr. Dunlavey is not admitted to practice in the U.S. District Court for the Eastern District of California. Local Rule 180(b) expressly provides that only members of the bar of this court shall practice in this court. Although other attorneys at Ms. Nelson's firm may participate in the case, see Local Rule 182(b), this does not obviate the independent requirement of membership in this court's bar.

       Moreover, Local Rules 135(g) and 180(f) specify that only attorneys admitted to practice in this court may electronically file documents. Local Rule 131(c) provides that a document is deemed filed by an attorney when that attorney's name, login and password have been used. This

---

[1] ECF No. 15 has been replaced by ECF No. 17, which is corrected to include Ms. Nelson's signature.

1  rule assumes that the name, login and password all belong to the same individual.  The use of Ms.
2  Nelson's CM/ECF account to file documents that are signed only by Mr. Dunlavey violates the
3  spirit of these rules.
4       All documents filed in this case must be signed by a member of the bar of this court.  This
5  requirement may be met by Mr. Dunlavey's admission to the court or by the inclusion of Ms.
6  Nelson's signature on documents electronically filed by her.  Further practice unauthorized under
7  Local Rule 180(b) may subject counsel to monetary sanctions.
8  DATED: January 8, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE